T.C. Memo. 2007-84

UNITED STATES TAX COURT

SUZANNE Z. ATAKY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21337-05.                     Filed April 9, 2007.

Suzanne Z. Ataky, pro se.

<u>Michelle L. Maniscalco</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

SWIFT, <u>Judge</u>:  Respondent determined a $2,629 deficiency in petitioner's 2003 Federal income tax.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issues for decision are whether petitioner is entitled to ordinary deductions for (1) a $3,050 casualty loss, (2) a $2,060 business bad debt, (3) a $2,940 business travel expense, (4) a $3,850 business contract labor expense, and (5) $2,186 more in depreciation than respondent allowed.[1]

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

At the time the petition was filed, petitioner resided in New York, New York.

Petitioner works full time as a respiratory therapist.

In 2002, petitioner's car was stolen and recovered. As a result of the theft, petitioner's car was damaged. The individual who stole petitioner's car was not apprehended, and petitioner's car insurance policy did not cover the theft damage to petitioner's car.

In 2003, petitioner was involved in a minor 2-car accident, and again petitioner's car was damaged. Petitioner did not request from the driver of the other car payment for the damage to petitioner's car, and petitioner did not repair the damage to her car. Petitioner did not obtain an estimate of the fair market value of her car before and after the accident.

_____

[1] The $2,186 in disputed depreciation also includes a sec. 179 expense deduction.

In 2003 and prior years, petitioner's friend, Sege Yassievich (Sege), purchased from an Internet domain registrar numerous Internet domain names. The trial record does not explain why Sege purchased the Internet domain names or petitioner's involvement in Sege's purchase thereof.

Sege prepared and petitioner timely filed petitioner's 2003 individual Federal income tax return on which petitioner described her business as "Internet Publishing" and on which petitioner claimed, among other things, ordinary deductions for a $3,050 casualty loss on the theft of a "notebook" and a "digital camera", a $2,060 business bad debt, $2,940 in business travel, $3,850 in contract labor, and $3,699 in depreciation. Also on her 2003 Federal income tax return, petitioner claimed to have placed in service in 2003 a $2,100 "PC" and $5,640 in other assets.

On audit, with the exception of $1,513 of the $3,699 claimed depreciation expense, respondent disallowed all of the above deductions claimed by petitioner on her 2003 Federal income tax return.

The schedule below summarizes the disputed deductions claimed by petitioner on her 2003 Federal income tax return and the deductions allowed by respondent:

|                    | Claimed by | Allowed by |
| Expense Deduction  | Petitioner | Respondent |
| ------------------ | ---------- | ---------- |
| Casualty Loss      | $3,050     | -0-        |
| Business Bad Debt  | 2,060      | -0-        |
| Business Travel    | 2,940      | -0-        |
| Contract Labor     | 3,850      | -0-        |
| Depreciation       | 3,699      | $1,513     |

OPINION

Taxpayers are expected to keep adequate books and records to substantiate tax deductions claimed.  Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.  Petitioner, however, has not maintained appropriate records to substantiate the deductions at issue, and the burden of proof as to the deductions remains on petitioner.  Rule 142(a); sec. 7491(a)(1) and (2).

A taxpayer may be entitled to a deduction for casualty losses in an amount equal to the lesser of the decline in the fair market value of the property caused by the casualty or the taxpayer's adjusted basis in the property.  Sec. 165(a); sec. 1.165-7(b), Income Tax Regs.

In calculating a casualty loss, a property's fair market value generally must be ascertained by competent appraisal.  Sec. 1.165-7(a)(2)(i), Income Tax Regs.  Alternatively, the amount of a casualty loss may be established by reasonable repair costs

paid to restore property to its precasualty condition. Sec. 1.165-7(a)(2)(ii), Income Tax Regs.

Generally, a casualty loss may be deducted in the year in which the loss occurs. Sec. 1.165-7(a)(1), Income Tax Regs. A reasonable prospect for reimbursement of a loss (e.g., by insurance or lawsuit) will prevent a casualty loss from being deductible until the year in which the reasonable prospect for reimbursement no longer exists. Sec. 1.165-1(d)(2), Income Tax Regs.

Petitioner no longer claims that she is entitled to a $3,050 casualty loss deduction for thefts of a notebook and a digital camera, as claimed on her 2003 Federal income tax return. Rather, petitioner now argues that the $3,050 claimed casualty loss deduction is allowable based on theft damage that occurred to her car in 2002 and accident damage that occurred to her car in 2003.

Without a showing that petitioner in 2002 had a reasonable prospect for reimbursement of the costs of repairing the car theft damage (deferring any casualty loss deduction relating thereto until at least 2003) and that petitioner in 2003 had no such prospect, a casualty loss deduction relating to theft damage to petitioner's car is not available to petitioner in 2003.

As to the accident damage to petitioner's car, because petitioner did not repair her car and did not obtain an estimate

or appraisal of its preaccident and postaccident fair market value, we are unable to calculate or even to estimate the amount of a casualty loss deduction allowable to petitioner. A repair estimate that was produced by petitioner did not indicate the expertise of the individual making the estimate, is addressed to an individual other than petitioner, lists a license plate number for the car different from the license plate number listed in the police accident report, and is dated 6 months after the accident.

We disallow as unsubstantiated petitioner's 2003 claimed $3,050 casualty loss deduction relating to a 2002 car theft and a 2003 car accident.

Petitioner now argues that the $2,060 claimed bad debt deduction relates to airline tickets that she purchased in 2003 for a contractor as compensation for the contractor's future services. Petitioner argues that the contractor did not perform the services, that the contractor refused to refund to petitioner the cost of the airline tickets, and that as a result petitioner in 2003 realized a $2,060 bad debt.

Because petitioner, among other things, did not produce credible evidence that she purchased airline tickets for a contractor, petitioner has failed to substantiate the claimed bad debt deduction.

We disallow as unsubstantiated petitioner's $2,060 claimed bad debt deduction.

Petitioner asserts that in 2003 petitioner and Sege took a business trip to Russia and incurred $2,940 in airfare and lodging expense.

Petitioner did not substantiate the travel expense with credible evidence. Vague documentation of travel expense produced at trial did not relate to a business trip to Russia and/or lacked completeness.

We disallow as unsubstantiated petitioner's $2,940 claimed business travel deduction.

To substantiate a $3,850 payment to a contractor, petitioner produced a canceled check. The check, however, lists a payee different from the alleged contractor and was written for an amount different from the claimed deduction. The discrepancies between the check and the $3,850 claimed deduction have not been explained.

We disallow as unsubstantiated petitioner's $3,850 claimed business expense deduction.

Petitioner argues that in 2003 she purchased and placed in service $7,740 of business assets on which she is entitled to $3,699 in depreciation. To substantiate her 2003 purchase of $7,740 in business assets, petitioner offers a printout of a June 11, 2006, online transaction report which lists Sege, not petitioner, as the purchaser. Petitioner has not produced credible evidence that she purchased the assets in question.

We disallow as unsubstantiated the $2,186 in depreciation disallowed by respondent.

Primarily for lack of substantiation, among other reasons, for 2003 petitioner is not entitled to deductions beyond those allowed by respondent.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.